ROSE, District Judge,
concurring in the judgment.
I join Parts I, II.B, and III of the opinion of the court, but I decline to join Part II.A. Under a de novo[6] standard of review, I would have found the front yard where the motorcycle was displayed to constitute curtilage.
Although the court correctly identified the factors set forth in United States v. Dunn, 480 U.S. 294, 300, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987), as guiding the curti-lage inquiry, I believe application of those factors reveals Bausby’s front yard was curtilage of his home.
There is no dispute that the first two Dunn factors support a curtilage finding. The front yard — the area officers entered without a warrant — is immediately adjacent to the home and the entire area is enclosed by a chain link fence. United States v. Boyster, 436 F.3d 986, 991 (8th Cir.2006) (“Curtilage ... is typically comprised of land adjoining a house, often within some type of enclosure such as a fence.”).
With respect to third and fourth factors, I believe too much emphasis has been placed on Bausby’s use of his front yard to advertise the sale of the motorcycle. Although this conduct is inconsistent with a desire to avoid observation of his yard, it is not dispositive of the curtilage inquiry and, in my view, does not outweigh his other attempts to ensure the privacy of his front yard. By enclosing the area immediately adjacent to his home in a chain link fence, typically locking the only entry through that fence, and placing a “Beware of Dog” sign on the fence, Bausby manifested an intent to keep the yard free from public intrusion. The mere fact that a visitor would need to enter the front yard to approach the house does not alter this intention. Nor does the location of an object for sale within that yard eliminate such an intent. Indeed, the inclusion on the sale sign of Bausby’s telephone number could demonstrate Bausby’s intention to control whether any interested buyers were permitted within the yard to inspect the motorcycle. Thus, on a balance, I *659 would find the front yard of Bausb/s residence constituted curtilage.
However, I concur in result in this case because even if the front yard were curti-lage, the officers entered the area for a legitimate law enforcement purpose with limited intrusion, thereby complying with the Fourth Amendment. United States v. Robbins, 682 F.3d 1111, 1115 (8th Cir.2012) (“Where a legitimate law enforcement objective exists, a warrantless entry into the curtilage is not unreasonable under the Fourth Amendment, provided that the intrusion upon one’s privacy is limited.”). This court has “held that a police entry through an unlocked gate on a driveway to approach the front door of a residence for a ‘knock-and-talk’ is a reasonable, limited intrusion for legitimate law enforcement objectives.” Id.
Here, having responded to a report of a discovered stolen motorcycle, the officers entered Bausby’s yard through an unlocked fence. They went directly to the front door and attempted to reach the homeowner, or conduct a “knock-and-talk.” See United States v. Weston, 443 F.3d 661, 667 (8th Cir.2006) (“[T]he officers approached the front door to announce their presence, to inquire about the stolen vehicles, and to request consent to search the remainder of the property. This tactic, commonly referred to as a ‘knock and talk’ was a reasonable investigative technique under these circumstances.”). After receiving no response, the officers approached the motorcycle and checked the visible VIN against the one Haase provided. The officers restricted their movements only to approaching the front door and viewing the motorcycle; they did not even search the perimeter of the home or look through exterior windows. See, e.g., Robbins, 682 F.3d at 1116 (finding a search of the perimeter of a home and view of the home through exterior windows to be minimally intrusive). Because the officers entered the yard for a legitimate law enforcement purpose — to ask the homeowner about the allegedly stolen motorcycle displayed in his front yard — and performed only minimally intrusive investigation once there, the officers’ entry into the curtilage was not unreasonable and did not violate the Fourth Amendment.

. I would not find the district court clearly erred in finding the front yard where the motorcycle was displayed for sale was not curtilage.